UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CLARK,

    *Plaintiff*,                                    CASE NO. 13-CV-10251

v.                                                        DISTRICT JUDGE VICTORIA A. ROBERTS
                                                               MAGISTRATE JUDGE CHARLES BINDER

LISA GOMEZ, et al.*,*

    *Defendants*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO REVOKE *IN FORMA PAUPERIS* STATUS

### I.    RECOMMENDATION

**IT IS RECOMMENDED** that the Defendant's motion be **GRANTED,** that Plaintiff's *in forma pauperis* status be **REVOKED** because Plaintiff had three strikes under 28 U.S.C. § 1915(g) at the time he filed this lawsuit and has not alleged that he is under imminent danger of serious physical injury. **IT IS FURTHER RECOMMENDED** that Plaintiff be given 30 days to submit the entire filing fee or suffer dismissal without prejudice of his case.

### II.    REPORT

#### A.    Background

Plaintiff is a state prisoner who is currently incarcerated at the Michigan Reformatory in Ionia, Michigan. This prisoner civil rights was filed on January 18, 2013. (Doc. 1.) On March 5 and March 11, 2013, respectively, Magistrate Judge R. Steven Whalen granted Plaintiff's application to proceed *in forma pauperis* ("IFP") and directed service on all Defendants by the U.S. Marshal. (Docs. 4, 8.) On April 2, 2013, United States District Judge Victoria A. Roberts

referred the case to the undersigned magistrate judge for pretrial case management. (Doc. 13.) On April 16, 2013, Defendants filed the instant motion to revoke *in forma pauperis* status based on the allegation that Plaintiff already had more than "three strikes" at the time his complaint was filed. Plaintiff requested and was granted an extension of time in which to respond to the motion. (Doc. 21, 22, 28, 31.) Plaintiff responded on June 5, 2013, and Defendants replied. (Docs. 39, 40.) Upon review of the documents, I conclude that, pursuant to E.D. Mich. LR 7.1(e)(2), the motion is ready for Report and Recommendation without oral argument.

### B. Governing Law

The motion to revoke *in forma pauperis* status is based on the allegation that Plaintiff has "three strikes" under **t**he Prison Litigation Reform Act ("PLRA"):

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

If a prisoner's "complaint clearly satisfie[s] the provisions of § 1915(g) at the moment of filing, the district court ha[s] no authority to consider the merits of the complaint." *Mitchell v. Tennessee*, 86 Fed. App'x 898, 899 (6th Cir. 2004). *See also Peeples v. Bradshaw,* 110 Fed. App'x 590 (6th Cir. 2004) (same); *Wallace v. Franklin*, 66 Fed. App'x 546, 547 (6th Cir. 2003) (same). If three strikes are found, the court must deny the plaintiff the privilege of proceeding without prepayment of fees and require full payment of the filing fee before proceeding to the merits of the case. *Wilson v. Yaklich*, 148 F.3d 596, 602-04 (6th Cir. 1998).

### C. Analysis and Conclusions

Defendants allege that Plaintiff has already accumulated "three strikes" as evidenced by the opinion in *Clark v. Curtin*, No. 1:10-cv-818, 2010 WL 3522443 (W.D. Mich. Sept. 7, 2010). (Doc. 16.) The Plaintiff's name in that case is Michael Belike Clark. I note that Plaintiff's prisoner number is listed in the instant court file as #183908 and a search on the Offender Tracking Information System ("OTIS") reveals that prisoner # 183908 is Michael Belike Clark.

In his response, Plaintiff "does not dispute that he has accumulated more than 'three strikes.'" (Doc. 39 at 9.) Plaintiff goes on to assert that he should not be barred from proceeding IFP "because he has alleged imminent danger of serious physical injury[.]" (Doc. 39 at 9.) Plaintiff's contention rests solely on his allegations "in the original complaint" which show "Plaintiff was indeed in imminent danger of serious physical injury." (Doc. 39 at 10.)

Defendants reply that the imminent danger of serious physical injury exception applies only where there a plaintiff is under imminent danger at the time he seeks to file the complaint and that allegations of past injury are insufficient to meet the exception. (Doc. 40 at 7-8.)

I note that Plaintiff's complaint in the instant case alleges Eighth Amendment violations based on allegations that prison staff at the Saginaw Correctional Facility ("SRF") in Saginaw, Michigan, denied him proper medical care and assaulted him. (Doc. 1.) At the time of filing the complaint, Plaintiff was no longer incarcerated at SRF, but rather was incarcerated at the St. Louis Correctional Facility ("SLF") in St. Louis, Michigan. (Doc. 1 at 1.) As indicated above, Plaintiff is currently incarcerated at the Michigan Reformatory, in Ionia, Michigan.

Since Plaintiff was no longer incarcerated at SRF at the time he filed the complaint, and has not been incarcerated there since that time, there could not have been even an implicit threat from the named Defendants at the time Plaintiff filed the complaint or at the present time. Plaintiff does

3

not even argue that he was in any danger from the prison staff at SLF at the time he filed the complaint nor does he allege that he is in any danger from the current prison staff. Instead, Plaintiff relies solely on the fact that he "was indeed" in danger of serious injury as shown by the allegations "in the original complaint[.]" (Doc. 39 at 10.)

A common sense reading of the phrase "under imminent danger of serious physical injury" 28 U.S.C. § 1915(g), dictates that past conduct as alleged in a complaint does not meet the mark. *Wallace v. Amin*, 69 F. App'x 667, 668-69 (6th Cir. 2003)("a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the [imminent danger] exception" of § 1915(g)); *accord Ashley v. Dillworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wisc. 1999)("the exception for claims concerning an 'imminent danger of serious physical injury' cannot be triggered solely by complaints of past abuse.") I suggest that this is especially true where, as here, the prisoner is no longer exposed to those who committed the past conduct. Since Plaintiff has not even alleged that he was "under" the danger he experienced as alleged in the complaint at the time the complaint was filed, I suggest that he has not alleged imminent danger of any injury, let alone serious injury.

I therefore suggest that Defendant's motion to revoke IFP status be granted. I further suggest that Plaintiff be instructed to pay the $350 civil case filing fee within 30 days or suffer the dismissal of his case.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                    s/ *Charles E Binder*
                                                    CHARLES E. BINDER
Dated: June 7, 2013                         United States Magistrate Judge

### **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Allan Soros, Kimberley Koester and Ronald Chapman; served by first class mail on Michael Clark, #183908, Michigan Reformatory, 1342 W. Main St., Ionia, MI, 48845; and served on District Judge Roberts in the traditional manner.

Date:  June 7, 2013                    By     s/*Jean L. Broucek*
                                                   Case Manager to Magistrate Judge Binder